IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DIVISION

PLAINTIFFS

V.  NO.

DEFENDANTS

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

Now that you have heard all of the evidence and the argument of counsel, it becomes my duty to give you the instructions of the court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. The law is no respecter of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of justice. [A defendant such as _____ is entitled to the same fair and unprejudiced treatment as an individual would be under like circumstances, and you should decide this case with the same impartiality which you would use in deciding a case between individuals.]

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are

not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is evidence that tends to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of the evidence. You may consider both kinds of evidence.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness you should consider his relationship to the plaintiff or to the defendant; his interest, if any, in

the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; the witnesses candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witnesses' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

The burden is on the Plaintiff in a civil action such as this to prove every essential element of his claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a

"preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence, the jury should find for the Defendant as to that claim.

# United States District Court
## Northern District of Mississippi

**CEDRIC NESBIT**　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**VS.**　　　　　　　　　　　　　　　　　**CAUSE NO. 3:21-CV-0003-MPM-JMV**

**MISSISSIPPI DEPARTMENT OF TRANSPORTATION**　　　　**DEFENDANT**

### STIPULATIONS OF FACTS

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

Here, the parties have stipulated the following facts:

1. Plaintiff was hired by MDOT on September 1, 2019 [handwritten correction over "2109"] as a maintenance technician I.

2. Plaintiff was in a probationary status for the first twelve (12) months of his employment with MDOT.

3. A request for termination based on Plaintiff's performance was initiated by James Brooks [handwritten correction over "Turner"] on January 9, 2020.

4. The request for termination was approved by Gregory Franklin on January 10, 2020.

5. The request for termination was processed at the state office on January 21, 2020.

6. Plaintiff's termination was effective January 21, 2020.

## JURY INSTRUCTION NO. 1

Plaintiff Nesbit's claim of discrimination based on race is brought under a federal law known as Title VII of the Civil Rights Act of 1964, as amended, often called Title VII. Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, is designed to assure equality of employment opportunities and ensure that all persons enjoy full and adequate protection against employment discrimination.

Title VII makes it an unlawful employment practice for an employer:

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

Source: 42 U.S.C. § 2000e-2.

## JURY INSTRUCTION NO. 2

Plaintiff Nesbit claims that the Mississippi Department of Transportation's (MDOT) firing of him was motivated by his race and/or his personal relationship with a person of a different race. The employer, MDOT, denies Nesbit's claims, and contends that Nesbit, an at-will employee, was terminated for poor job performance during his probationary period and that neither Nesbit's race nor his romantic partner's race had any role in the decision to terminate his employment.

It is unlawful for an employer to discriminate against an employee because of the employee's his race or his relationship with a person of a different race. An employer may, however, fire an employee for other reasons, good or bad, fair or unfair.

To prove unlawful discrimination, Plaintiff Nesbit must prove by a preponderance of the evidence that:

1. Defendant MDOT fired him (this is undisputed); and

2. Defendant MDOT's firing of him was motivated by his race or his relationship with a person of a different race.

Plaintiff Nesbit does not have to prove that unlawful discrimination was the only reason Defendant MDOT fired him.

If you find that the reason Defendant MDOT has given for firing Plaintiff Nesbit is unworthy of belief, you may, but are not required to, infer that Defendant MDOT was motivated by Plaintiff's race or his relationship with a person of a different race.

## JURY INSTRUCTION NO. 3

If you found that Defendant MDOT violated Title VII, then you must determine whether it has caused Plaintiff Nesbit damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Nesbit has proved liability.

Plaintiff Nesbit must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Nesbit need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses. Should you find for the plaintiff, the court will award past wages and benefits lost as a result of defendant's wrongful action, and you should not make any award for lost pay.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Nesbit for the harm he has sustained.

Source: Fifth Circuit Model Jury Instruction 11.14

## JURY INSTRUCTION NO. 4

To recover compensatory damages for mental and emotional distress, Plaintiff must prove that he has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiff must support his claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe the Plaintiff should, or should not, prevail in this case.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching a verdict if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges--judges of the facts in this case. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you should first select one of your number to act as your foreman or forewoman who will preside over your deliberations and will be your spokesperson here in court. A form of verdict has been prepared for your convenience.

**[Explain verdict]**

You will take the verdict form to the jury room and when you have reached a unanimous agreement as to your verdict, you will have your foreman fill it in, date, and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.